IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| FRANK PICCOLO, | 1:22-CV-00351-RAL |
| Plaintiff | RICHARD A. LANZILLO |
| v. | Chief United States Magistrate Judge |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| Defendants | ECF No. 33 |

I.   Introduction

Plaintiff Frank Piccolo, an inmate incarcerated at the State Correctional Institution at Forest (SCI-Forest), initiated this *pro se* civil rights action by filing a civil complaint and a motion for leave to proceed in forma pauperis (IFP). ECF Nos. 1, 3. After the Court identified several procedural defects in Piccolo's original pleading, he filed an amended complaint – the currently operative pleading – on August 24, 2023. ECF No. 11. He asserts a single constitutional claim pursuant to the Eighth Amendment, alleging that three corrections officers at SCI-Forest, identified as Clouser, McConaughey, and Myers, utilized excessive force during a cell search on September 2, 2022. *Id*. at p. 5.

Presently pending before the Court is Defendants' Motion for Summary Judgment. ECF No. 33. Defendants have supplied a brief in support of the motion, a concise statement of material facts, and an appendix of exhibits. ECF Nos. 34-36. After receiving several extensions, Piccolo

filed a brief in opposition, appendix of exhibits, and responsive concise statement. ECF No. 43. This motion is ripe for decision.[1]

II.  Factual background

Certain background facts are undisputed. On September 2, 2022, Corrections Officers Clouser, McConaughey, and Myers were part of a Correction Emergency Response Team (CERT) that conducted a planned search of Piccolo's cell. ECF No. 35 ¶ 8. Prior to the search, Defendants moved Piccolo outside of his cell and handcuffed his arms behind his back. *Id*. ¶ 10; ECF No. 43-1 ¶ 10. At some point during the search, Defendants used force to move Piccolo to the ground and tighten his handcuffs. *Id*. ¶ 14; ECF No. 43-1 ¶ 3. Piccolo sustained a laceration to his face that required four sutures. *Id*. ¶ 15; ECF No. 43-2.

The critical disagreement between the parties – and the basis for denying summary judgment, as discussed below – concerns the justification for Defendants' use of force. According to Defendants, Piccolo became "verbally aggressive towards staff" during the cell search and told CERT members that he was "going to break your fucking face." ECF No. 35 ¶¶ 11-12. Defendants also claim that they observed Piccolo "attempting to remove or otherwise manipulate his handcuffs." *Id*. ¶ 13. Defendants contend that the use of force was justified because of the need to "adjust and tighten his handcuffs so he could not remove them and assault an officer." *Id*. ¶ 14.

Piccolo disputes this account, maintaining that Defendants were the aggressors throughout the incident. In his affidavit, Piccolo states that Defendants began to "harass[] [him] and his cellmate as being pedophiles" after they realized that he was a sexual offender during the search. ECF No. 43-1 ¶ 2. Contradicting Defendants' suggestion that he was attempting to manipulate or

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

remove his handcuffs, Piccolo avers that he was standing quietly nearby when Defendants slammed him against a wall and smashed his head into the ground "repeated times" while his arms were cuffed behind his back. *Id*. ¶ 17; ECF No. 43-3. Piccolo suggests that Defendants fabricated the excuse that he was trying to remove his handcuffs to justify the assault. *Id*. ¶ 3. Notably, while there appears to be video footage of Piccolo receiving treatment for his injuries, there does not appear to be security footage of the incident.

III. Standard of Review

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc*., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am*., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp*., 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co*., 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated

allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must to go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Further, under Rule 56, a defendant may seek summary judgment by pointing to the absence of a genuine fact issue on one or more essential claim elements. The Rule mandates summary judgment if the plaintiff then fails to make a sufficient showing on each of those elements. When Rule 56 shifts the burden of production to the nonmoving party, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

IV.   Analysis

Piccolo asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by maliciously utilizing unnecessary force while he was handcuffed and compliant. In an excessive force claim, the "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In *Whitley v. Albers*, the United States Supreme Court articulated several factors for courts to consider in determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, including: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known

to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312 (1986)).

As noted above, Piccolo contends that Defendants slammed him to the ground and smashed his head into the floor without provocation after discovering that he was a sex offender. Piccolo avers that he was handcuffed, vulnerable, and fully compliant with orders at the time of the attack. Although Defendants maintain that the use of force was justified by Piccolo's attempt to remove his handcuffs, the interaction does not appear to have been captured on videotape. Consequently, the parties' divergent accounts – and the evidence of record supporting each of those accounts – give rise to a material factual dispute concerning several of the *Whitney* factors, including whether force was necessary, what level of force, if any, was appropriate, and whether Piccolo presented any threat to the safety of staff or inmates at the time of the incident. *See, e.g.*, *D'Alfonso v. Reddinger*, 2023 WL 6215023 (W.D. Pa. Sept. 25, 2023) (denying summary judgment based on plaintiff's sworn statement that he was punched three times by a guard without provocation); *Martin v. Secretary of Corrections*, 2022 WL 1576758, at *2 (3d Cir. 2022) ("[A] fact finder who believed [inmate's] statements and supporting affidavits that he was struck repeatedly while restrained could conclude that the force allegedly used was excessive under the circumstances."); *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002) ("Punching and kicking someone who is handcuffed behind his back and under the control of at least six prison guards . . . is 'repugnant to the conscience of mankind,' absent the extraordinary circumstances necessary to justify that kind of force."). Should a jury accept Piccolo's testimony that Defendants attacked him without provocation in the manner described, it could reasonably conclude that Defendants' use of force was unnecessary and excessive. Accordingly, summary judgment must be denied.

V.  Conclusion

For the reasons stated herein, Defendants' motion for summary judgment [ECF No. 33] is DENIED.  A pretrial scheduling order will follow.

Dated this 16th day of January, 2025.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge